IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SABRINA MCCAULEY, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 23-765-RGA |
| MELANIE THOMPSON, et al. | : |
| Defendants. | : |

Sabrina McCauley, Milton, Delaware.  Pro Se Plaintiff.

**MEMORANDUM OPINION**

January 12, 2024
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Sabrina McCauley appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). She commenced this action on July 13, 2023. (D.I. 1). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Plaintiff's Complaint purports to be a criminal complaint. She names as Defendants four attorneys in private practice, a Delaware state court judge, a court clerk, a sheriff, and unidentified sheriff deputies. (D.I. 1 at 1). Her claims are based on a foreclosure action brought in state court. She appears to bring federal and state law criminal claims, as well as federal constitutional and statutory claims. For relief, she seeks millions of dollars in damages.

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less

1

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp*., 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a

2

"context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

First, the Court concludes that Defendant Karsnitz, a state court judge, is entitled to judicial immunity against Plaintiff's claims. *See Capogrosso v. Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) ("A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts.") (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)). The allegations against Defendant Karsnitz make clear that he was performing his duties as a judicial officer.

Similarly, Defendant Thomas, the court clerk, whom Plaintiff alleges allowed the filing of the foreclosure action against her without a verified sworn statement of claim and without affixing a proper signature and seal of the court, is entitled to quasi-judicial immunity. *See Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436 (1993) ("When judicial immunity is extended to officials other than judges, it is because their judgments are functionally comparable to those of judges—that is, because they, too, exercise a discretionary judgment as a part of their function.") (cleaned up); *Tucker v. Doe*, 173 F. App'x 969 (3d Cir. 2006); *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (noting that a clerk may not be entitled to absolute immunity in all cases, but holding that the clerk was immune from liability for allegedly failing to properly manage the court calendar). Moreover, Defendant Lee, the sheriff, whom Plaintiff alleges trespassed on private property to tape a "void" foreclosure paperwork to the door of a house, is entitled to quasi-judicial immunity. *See Mohammed v. Wells Fargo N.A.*, 2016 WL 446633, at *4 (D.N.J. Jan. 11, 2016) (holding that, "[i]n beating on the door, attempting to serve

3

court documents, and carrying out the eviction process, Sheriff Bueki engaged in nondiscretionary acts that were essential to his role in 'performing a ministerial function at the direction of the judge,' and that he was therefore entitled to judicial immunity for his role in satisfying a mortgage foreclosure judgment) (quoting *Waits v. McGowan*, 516 F.2d 203, 206 (3d Cir. 1975)); *see also Gigliotti v. Redevelopment Auth. of City of New Castle*, 362 F. Supp. 764, 766 (W.D. Pa. 1973); *aff'd*, 492 F.2d 1238 (3d Cir. 1974) (holding that a sheriff executing a writ in connection with eminent domain proceeding was acting under the direction of the court and could not be sued under § 1983).

Plaintiff's efforts to bring civil claims against Defendants under federal hate crime laws and Delaware criminal laws fail. The Third Circuit has long held that the hate crime laws relied upon by Plaintiff are criminal statutes, which do not confer private rights of action. *See United States v. City of Phila.*, 644 F.2d 187, 198-99 (3d Cir. 1980) (holding that there is no private right of action under 18 U.S.C. §§ 241, 242); *see also Davis v. Warden Lewisburg USP*, 594 F. App'x 60, 61 n.3 (3d Cir. 2017) (per curiam) (noting that "§ 242 is a criminal statute, through which no private cause of action is created); *Lusick v. Lawrence*, 378 F. App'x 118, 121 (3d Cir. 2010) (per curiam) ("Lusick's reliance on 18 U.S.C. § 241[,] [which] criminaliz[es] conspiracy to impede the exercise of federal rights[,] is inappropriate, as that statute does not give rise to a cognizable federal claim in a civil suit"); *Walthour v. Herron*, 2010 WL 1877704 at *3 (E.D. Pa. May 6, 2010) (holding that there is no private right of action under 18 U.S.C. §§ 241, 242, or 245). Similarly, to the extent she attempts to impose criminal liability upon Defendants under Delaware law, Plaintiff lacks standing to proceed. *See Allen v. Admin. Office of Pa.*

4

*Courts*, 270 F. App'x 149, 150 (3d Cir. 2008); *United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996).

The remainder of Plaintiff's claims fail to state a claim and are legally frivolous. For example, the private practice attorneys she named as Defendants cannot be said to have been acting under the color of state law for purposes of 42 U.S.C. § 1983. *See Webb v. Chapman*, 852 F. App'x 659, 660 (3d Cir. 2021) (per curiam). Plaintiff's recitations to irrelevant federal statutes, such as the Fair Debt Collections Practices Act, the Truth in Lending Act, and the Fair Credit Billing Act, are frivolous and terminally fail to state claims.

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). The Court finds that amendment is futile.

An appropriate Order will be entered.